IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RONALD ADAMS CONTRACTOR, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-2771C |
| | ) | (Judge Horn) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant, the United States, admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.

2. Admits.

3. Admits the allegations contained in paragraph 3 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 3.

4. The allegations contained in the first sentence of paragraph 4 constitute legal conclusions to which no response is required. To the extent they may be deemed allegations of fact, admits the allegations contained in the first sentence of paragraph 4 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the

allegations contained in the first sentence of paragraph 4. Admits the allegations contained in the second sentence of paragraph 4 that copies of the contract, plans, specifications, and bid documents are in the possession of the Corps; the remaining allegations contained in the second sentence of paragraph 4 constitute plaintiff's characterization of its complaint to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

5. Denies the allegations contained in paragraph 5 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

6. The allegations contained in paragraph 6 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

7. The allegations contained in paragraph 7 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

8. Denies.

9. Denies.

10. Admits the allegations contained in paragraph 10 to the extent supported by the documents cited, which are the best

evidence of their contents; otherwise, denies the allegations contained in paragraph 10.

11. Admits the allegations contained in the first sentence of paragraph 11 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 11. Admits the allegation contained in the second sentence of paragraph 11. The allegation contained in the third sentence constitutes conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

12. The allegations contained in paragraph 12 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

13. The allegations contained in paragraph 13 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

14. The allegations contained in paragraph 14 and its subparagraphs constitute conclusions of law and plaintiff's characterization of its case, to which no response is required;

to the extent they may be deemed allegations of fact, they are denied.

DAMAGES

15. Denies that plaintiff is entitled to the relief requested in the paragraph following numbered paragraph 15 and its subparagraphs, or to any relief whatsoever.

16. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSE

17. Plaintiff's complaint, in whole or in part, is barred by the doctrine of accord and satisfaction.

WHEREFORE, defendant requests that the Court enter judgment in its favor, that the complaint be dismissed, and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

/s Matthew P. Reed
MATTHEW P. REED
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W
Washington, D.C. 20530
Tele: (202) 307-6289
Fax: (202) 305-2118

February 25, 2004 Attorneys for Defendant