IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RONALD ADAMS CONTRACTOR, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 03-2771C |
| | ) | (Judge Horn) |
| v. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**JOINT PRELIMINARY STATUS REPORT**

In accordance with Rule 16 of the Rules of the United States Court of Federal Claims ("RCFC"), and Appendix A to this Court's rules, the parties respectfully submit the following joint preliminary status report. The lettered and numbered paragraphs below correspond with the lettered and numbered paragraphs of Part III of Appendix A.

**a. Does the Court have jurisdiction over the action?**

Ronald Adams Contractor, Inc., asserts jurisdiction pursuant to 28 U.S.C. § 1491. The Government is presently unaware of any basis upon which to challenge the Court's jurisdiction.

**b. Should the case be consolidated with any other case?**

The parties agree that this case should not be consolidated with any other case.

**c. Should the trial of liability and damages be bifurcated?**

The parties agree that trial of liability and damages should not be bifurcated.

**d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?**

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

**e. Will a remand or a suspension be sought?**

The parties agree that no remand or suspension will be sought.

**f. Will additional parties be joined?**

The parties agree that no additional parties will be joined.

**g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is a proposed schedule for the intended filing?**

At this time, the parties are unable to determine whether they will file dispositive motions that would narrow the issues remaining for trial. However, should either party determine that a dispositive motion is appropriate, such motions will be filed either before or after the period for discovery has been completed.

**h. What are the relevant issues?**

1. Whether the conditions at the site differed materially from those identified in the contract?

2. Whether any such material difference constitutes a breach of contract by the United States?

3. Assuming the United States breached a contract with the plaintiff and has not fully compensated plaintiff, to what damages, if any, would plaintiff be entitled.

**i. What is the likelihood of settlement?**

At this time, the parties cannot state whether this case can be settled. If deemed warranted, the parties will pursue settlement negotiations as the litigation progresses.

**j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling? What is the requested place of trial?**

As stated above, the parties may submit dispositive motions at some point during the litigation. If dispositive motions are not submitted, or if they are not completely dispositive of this action, the parties anticipate proceeding to trial. We would anticipate requesting a trial located in New Orleans, Louisiana. At this time, the parties do not request expedited trial scheduling.

**k. Is there any other information of which the Court should be aware at this time?**

There is no additional information of which the Court should be aware at this time.

**l. What is the proposed discovery plan?**

Counsel for both parties intend to conduct simultaneous discovery through initial voluntary disclosures, interrogatories, requests for admission, requests for production of documents, and depositions, and anticipate the use of expert reports and testimony. The parties propose a discovery deadline of February 28, 2005.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s Harold D. Lester, Jr.
Harold D. Lester, Jr.
Assistant Director

/s Phil Abernethy
PHIL ABERNETHY
Butler, Snow P.C.
P.O. Box 22567
Jackson, MS 39225

Attorney for Plaintiff

/s Matthew P. Reed
MATTHEW P. REED
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
(202) 307-3390

Attorneys for Defendant

April 19, 2004