IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RONALD ADAMS CONTRACTOR, INC. | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 03-2771C |
| | ) | (Judge Horn) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant | ) | |

**EXPERT REPORT OF ROBERT E. GREGORY, P.E.**

I. QUALIFICATIONS:

I am the President of Grecon Construction Engineers, Inc., 2251 Drusilla Lane, Suite A, Baton Rouge, LA 70809. I am a Licensed Professional Engineer in the State of Louisiana and have had over 45 years experience in the engineering/construction industry. My experience has primarily involved scheduling, impact and damage analysis for contractors and owners on heavy, highway, bridge and related construction projects. I have been retained by contractors and owners to schedule projects and to analyze the effect of various events on contractors schedules and costs.

The following is a list of publications authored by me within the preceding ten years:

None

The following is a list of cases in which I have testified as an expert at trial or by deposition within the preceding four years:

*Ronald Adams Contractor, Inc. v. State of Louisiana*

*Ronald Adams Contractor, Inc. v. The United States*

My compensation for serving as an expert witness in this case is $95.00/hour, plus expenses.

II. OPINIONS:

I have analyzed the schedule and cost impacts to RACI's caused by the presence of an unexposed condition at the site of this project, namely, the presence of humus or organic material to a depth of several feet below ground elevation. The presence of this humus material was confirmed by me through visual inspections at the site during construction. The impact of this material was analyzed by me through visual sight inspection and through a study of RACI's cost reports, equipment reports, quality control reports and the files of the Corps of Engineers ("COE").

As a result of the presence of humus material, RACI's cost of its casting operation increased as shown on Exhibit "1" to this Report. This additional cost was incurred in the excavation of the first two borrow pits on the project, which RACI designated as Cells 1 and 2. This analysis is based upon a comparison of the relatively unimpacted casting operation in Cell 3, which contained little humus material, to the impacted rate of production in Cells 1 and 2, which contained significant amounts of humus material.

In addition, RACI incurred additional direct cost for pumping water from the excavation cells, or pits, as a result of the presence of humus material. RACI's increased cost for pumping is set forth in Exhibit "2" to this Report.

RACI incurred additional cost for excavation in Cells 4, 5 and 6 as a result of the presence of humus material. The calculation of RACI's additional cost for excavation in Cells 4-6 is set forth in Exhibit "3" to this Report. This cost is calculated by a comparison of the unimpacted cost per cubic yard for excavation in Cell 3, which contained little humus material, to the impacted cost per cubic yard of excavation in Cells 4-6, which contained significant amounts of humus material.

In addition to the direct cost caused by the presence of humus material in the borrow pit areas, RACI's overall duration of construction was significantly delayed as a result of the unforeseen condition. My analysis of the delays caused to RACI's construction as a result of this condition is set forth in Exhibit "4" to this Report. This analysis is based on the productivity graph shown in Exhibit "4", which shows the progress RACI made without the presence of humus material and the progress RACI would have made had there been no humus material on the project. The total delay incurred by RACI as a result of this soil condition was 249 calendar days. For this period of delay, RACI incurred additional equipment cost, additional field office overhead and additional home office overhead. The calculations for each of these elements of delay damage are set forth in Exhibit "4".

In addition, RACI incurred costs for a soil consultant, a scheduling consultant, additional bond premium and interest. The total damages sustained by RACI as a result of the unforeseen subsurface condition are as follows:

| | | |
|---|---|---|
| 1. | Increased Cost of Cast Embankment: | $ 174,858.19 |
| 2. | Increased Pumping Cost: | $ 57,412.00 |
| 3. | Increased Cost of Excavation: | $ 790,908.69 |
| 4. | Credit for Grubbing Operation: | $ - 14,828.32 |
| | Subtotal: | $ 1,008,350.55 |
| 5. | Additional Home Office Overhead: | $ 110,918.56 |
| 6. | Additional Field Office Overhead: | $ 616,072.35 |
| | Subtotal: | $ 1,735,341.46 |
| 7. | Additional Bond Premium: (0.54%) | $ 9,370.84 |

| | | |
|---|---|---|
| 8. | Profit:<br>(10% as allowed by COE) | $ 173,534.15 |
| | Total: | $ 1,918,246.45 * |

* Interest is continuing from the date RACI submitted its certified claim. In addition, RACI is entitled to recover its costs for having to employ a Soils Consultant and a Claims Consultant.

The reasonableness of the direct cost of removal of unsuitable material can be compared to other projects where unsuitable material was found. On Contract No. DACW29-99-C-0006, Protection Levee, Item E-84 A, the Government agreed to pay Ronald Adams the direct cost of $14.00 per cubic yard for removing unsuitable material. When this rate is applied to the present project, the cost of removal of the humus material becomes $1,049,412.00, or very close to the $1,008,350.00 determined from a comparative analysis of the increased cost as shown above.

III. <u>BASIS OF OPINIONS</u>:

I base my opinions as set forth above on the cost reports of RACI, the bid documents of RACI, the project Schedules, the Superintendent's Diaries of RACI, the Daily Reports of RACI, the QA/QC Reports of RACI, the QAR Reports of the COE, the Equipment Reports of RACI, the COE Rates for Equipment, the project estimate of the COE, the Soils Reports, the project documents of RACI as produced in this litigation, the files of the COE as produced in this litigation and my own site inspections of the work in progress.

GRECON CONSTRUCTION ENGINEERS, INC.

By: ______________________
Robert E. Gregory, P.E.