IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RONALD ADAMS CONTRACTOR, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-2771C |
| | ) | (Judge Horn) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

STIPULATION FOR ENTRY OF JUDGMENT

To settle the claims asserted in the complaint and to permit the entry of final judgment on those claims, without constituting an admission of liability on the part of defendant, it is stipulated and agreed between the parties:

1. On August 25, 1997, plaintiff, Ronald Adams Contractor, Inc. ("RACI"), entered into Contract No. DACW29-97-C-0086 ("the contract") with the United States Army Corps of Engineers to construct certain hurricane protection levees along the Westwego to Harvey Canal in Louisiana ("the project").

2. On or about December 7, 2000, pursuant to the Contract Disputes Act ("CDA"), RACI submitted a certified claim to the contracting officer in the amount of $2,725,377.90 for damages and losses alleged to be a result of constructive changes to the contract and differing site conditions in the area of the project. The contracting officer has not ruled upon RACI's claim and it is "deemed denied."

3. On December 3, 2003, RACI filed this lawsuit, appealing the "deemed denial" of its December 7, 2000 claim.

4. The parties subsequently entered into negotiations designed to resolve amicably RACI's claims. RACI has offered to settle this case in exchange for payment by the United States in the amount of $1,050,000.00, inclusive of interest, with each party to bear its own costs, attorney fees, and expenses.

5. RACI's offer has been accepted on behalf of the Attorney General.

6. The United States consents to entry of judgment against the United States in favor of RACI as set out in paragraph 4.

7. Upon entry of judgment, RACI releases, waives, and abandons all claims against the United States, its political subdivisions, its officers, agents, and employees, arising out of or related to the contract or otherwise involved in this case, regardless of whether they were included in the complaint, including, but not limited to, all claims for costs, expenses, attorney fees, compensatory damages, and exemplary damages.

8. This stipulation is in no way related to or concerned with income or other taxes for which RACI is now liable or may become liable in the future as a result of this stipulation or as a result of entry of a final judgment.

9. RACI warrants and represents that no other action or suit with respect to the claims advanced in this suit is pending or will be filed in or submitted to any other court, administrative agency, or legislative body. RACI further warrants and represents that it has made no assignment or transfer of all or any part of its rights arising out of or relating to the claims advanced in this suit. Should there be now or in the future any violation of these warranties and representations, any amount paid by the United States pursuant to this stipulation or pursuant to any judgment entered pursuant to this stipulation shall be refunded promptly by RACI, together

with interest thereon at the rates provided in 41 U.S.C. § 611, computed from the date the United States makes such payment.

10. This stipulation is for the purposes of settling this case and permitting entry of final judgment, and for no other. Accordingly, this stipulation shall not bind the parties, nor shall it be cited or otherwise referred to, in any proceedings, whether judicial or administrative in nature, in which the parties or counsel for the parties have or may acquire an interest, except as is necessary to effect the terms of this stipulation.

11. Plaintiff's counsel represents that he has been and is authorized to enter into this stipulation on behalf of RACI.

12. This document constitutes a complete integration of the stipulation between the parties and supercedes any and all prior oral or written representations, understandings or agreements among or between them.

AGREED TO:

Respectfully submitted,
PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
Authorized Representative of the Attorney General

s/ Phil B. Abernethy
PHIL B. ABERNETHY
Butler, Snow, O'Mara, Stevens &
Cannada, PLLC
Post Office Box 22567
Jackson, MS 39225-2567
(901) 949-4536

Attorney for Plaintiff

s/ J. Reid Prouty
J. REID PROUTY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7586

Attorneys for Defendant

February 21, 2007